IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRANIECE MORGAN, | ) | CASE NO. 2:23-CV-3946 |
| | ) | |
| Plaintiff | ) | JUDGE MICHAEL H. WATSON |
| | ) | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | |
| CORRECTION | ) | |
| | ) | |
| Defendant | ) | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Now comes the plaintiff, by and through her counsel, and for her Second Amended Complaint and Jury Demand, avers and states as follows:

### JURISDICTION

1.      This Honorable Court has jurisdiction over the claims in the within matter pursuant to 28 U.S.C. §1331 and 1343.

### VENUE

2.      This Honorable Court has venue over the claims in the within action in that all of plaintiff's claims arose in and within the jurisdiction of the Southern District of Ohio.

### PARTIES

3.      Plaintiff Traniece Morgan is a 59-year-old African American female who is employed by defendant Ohio Department of Rehabilitation and Corrections ("the Department").

1

4.      Defendant Ohio Department of Rehabilitation and Corrections ("the Department") is an agency of The State of Ohio that receives federal funding.

**STATEMENT OF FACTS**

5.      The allegations set forth in Paragraphs 1 through 4 of Plaintiff Traniece Morgan's First Amended Complaint and Jury Demand are incorporated as if fully rewritten herein.

6.      Plaintiff Traniece Morgan is a long-term employee of the Department.

7.      During all times relevant hereto, plaintiff Traniece Morgan performed her job duties in a satisfactory manner.

8.      In June, 2023, the Department placed Morgan on an involuntary leave of absence and directed her to undergo a psychological fitness for duty evaluation.

9.      On or about August 11, 2023, the fitness for duty evaluation was conducted by Dr. Michael Murphy, a forensic psychologist specifically retained by the Department.

10.     Plaintiff Traniece Morgan appeared for the fitness for duty evaluation as directed by the Department and fully cooperated in the evaluation.

11.     On or about August 11, 2023, Dr. Murphy issued his report of the fitness for duty evaluation and provided it to the Department.

12.     In his report to the Department Dr. Murphy outlined a number of concerns he had about Ms. Morgan based upon his evaluation and his review of information that was provided to him by the Department.

13.     Dr. Murphy noted that Ms. Morgan had a history of multiple TIAs (transient ischemic attacks) – often referred to as "mini-strokes."

14. Dr. Murphy further expressed concern that Ms. Morgan might have a mild neurocognitive disorder, but that further medical screening would be required and "recommended a neurological exam/consult for further opinion."

15. With respect to whether or not Ms. Morgan should be returned to work, Dr. Murphy noted on several occasions that Ms. Morgan might require modified work activity in order to return to any occupation.

16. Dr. Murphy did not determine in his report that Ms. Morgan was a threat either to herself or to her co-workers or that she was unable to perform her essential job duties with or without reasonable accommodation.

17. Dr. Murphy's report placed the Department on notice that Ms. Morgan might be a qualified individual with a disability who required reasonable accommodation to be able to perform her essential job duties.

18. Dr. Murphy's report triggered a duty on the Department to engage in an interactive process with Ms. Morgan to ascertain the nature and extent of any disability and to further ascertain what they could do to reasonably accommodate Ms. Morgan so that she could perform the essential functions of her position.

19. The Department failed to engage in the interactive process with Ms. Morgan to ascertain the nature and extent of her disability and has further failed to reasonably accommodate that disability.

20. The actions and inactions of the Department described herein constitute unlawful discrimination on the basis of disability.

3

21.     As a direct and proximate result of the actions and inactions of the Department described herein, Ms. Morgan has sustained damages in an amount to be proven at the trial of this matter.

**FIRST CLAIM FOR RELIEF**
**(Disability Discrimination – Rehabilitation Act)**

22.     The allegations set forth in Paragraphs 1 through 21 are incorporated as if fully rewritten herein.

23.     The actions and omissions of the Department described herein further constitute discrimination on the basis of disability and a failure to reasonably accommodate Ms. Morgan's disability, in violation of the Rehabilitation Act.

**WHEREFORE**, plaintiff Traniece Morgan asks for damages in an amount to be proven at trial plus reasonable attorney's and the costs of this action, plus such other legal and/or equitable relief as this Court deems just and reasonable.

Respectfully Submitted,


s/*Mark P. Herron*
Mark P. Herron (0051998)
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio  44124
(216) 280-2828
Email:  herronlaw@msn.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.


s/*Mark P. Herron*

## CERTIFICATE OF SERVICE

I certify that on September __, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*Mark P. Herron*
Mark P. Herron (0051998)
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio  44124
(216) 280-2828
Email:  herronlaw@msn.com

Attorney for Plaintiff